IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNEDY C. UZOMBA,

                Plaintiff,

v.                                       1:07-cv-117-WSD

GRACE M. UZOMBA, et al.,

                Defendants.

## OPINION AND ORDER

This action is before the Court on the Magistrate Judge's Order and Final Report and Recommendation [7] ("R&R"), Plaintiff's Motion to Amend Complaint and Objections to Order and Final Report and Recommendation [8, 9] ("Objections"), and Plaintiff's Motion for Hearing [10].

On December 28, 2006, Plaintiff Kennedy C. Uzomba ("Plaintiff") filed a Complaint and a motion for leave to proceed *in forma pauperis* against Defendants Grace M. Uzomba, Rosemary Uzomba, Edward Uzomba, and Edwin Uzomba, alleging various causes of action for injuries he claims to have suffered beginning in April of 1981. The Complaint alleges atrocity, criminal negligence, contributory negligence, malicious aggravated assault with a deadly weapon, attempted murder, accomplice to attempted murder, failure to render aide [sic] to a critically wounded

victim, and obstruction of aide [sic] to a critically wounded victim.  In the R&R the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis*.  Then, pursuant to his duty under 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed the Complaint to determine whether its allegations: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

The R&R recommends the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for lack of federal subject matter jurisdiction, and alternatively, because the claims are barred by Georgia's[1] statute of limitations for injuries to the person, O.C.G.A. § 9-3-33, which provides that suits for personal injury be brought within two years after the right of action accrues.

Plaintiff's "Objection" to the R&R is nothing more than his proffered amended complaint.  Nevertheless, construing Plaintiff's claims liberally in light of his *pro se* status, the Court considers his Objections as a general objection to the R&R.  The Court has, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, conducted a *de novo* review of the R&R. Plaintiff does

---

[1] The Complaint does not describe in what state any of the actors reside or actions took place.

not object to the findings of fact in the R&R.  Finding no plain error, the Court adopts the facts set forth in the R&R.

Plaintiff's Objections seek to traverse the R&R's finding that federal jurisdiction does not exist by requesting to amend the Complaint to allege a variety of federal statutes, specifically the Federal Employer's Liability Act § 9-11-114, the Military Claims Act 10 U.S.C. § 2733, the Federal Tort Claims Act, 28 U.S.C. § 1291, and the Municipal Liability Act 42 U.S.C. § 1983 and 1988. Plaintiff also seeks to add several government agencies as defendants, including the Department of Defense, United States Army, National Personnel Records Center, United States Veteran's Administration, and United States Secret Service. Plaintiff also seeks to overcome the R&R's statute of limitations finding by asserting that the effects of the harms inflicted against him continue through the present day, and that, because of his sensitive military roles (including as the inventor of the "Crocodile" hand-to-hand combat maneuver, the strategist behind the War on Terror, and the planner for Operation Enduring Freedom) and the sensitive nature of his allegations of violence, treason, and corruption against a large number of military officers, he judged that the national security would have been damaged if he brought the suit any sooner.

**Discussion**

Having conducted a *de novo review* of the R&R, the Court agrees that Plaintiff's original Complaint fails to allege federal subject matter jurisdiction. The Complaint does not allege any cognizable federal claim, nor does it allege any facts from which complete diversity of citizenship of the parties or an adequate amount in controversy would be evident.[2] Even if Plaintiff had made adequate jurisdictional showings, his claims are barred by Georgia's statute of limitations. Plaintiff offers no reason why he should be excused from the statute of limitations other than his own unilateral decision to delay filing based on his personal evaluation of what would best serve "national security." Plaintiff has made no showing that his right of action had not accrued at the time of the injuries alleged, which occurred well in excess of two years ago.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [8] are **OVERRULED**. The Court **ADOPTS AS ITS ORDER** the Magistrate Judge's

---

[2] Further, to the extent that all of Plaintiff's claims appear to rely on the fact that the many defendants were acting under color of law, Plaintiff expressly states in his Complaint that their alleged harmful actions were clearly outside of and unrelated to the scope of their official authority.

Report and Recommendation [7].

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DIMSSED WITHOUT PREJUDICE**.[3]

**SO ORDERED** this 24th day of April, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because the complaint is dismissed pursuant to § 1915(e)(2), Plaintiffs request to amend his complaint is moot. By dismissing the complaint without prejudice, the Court does not rule on whether Plaintiff can assert cognizable claims in a new complaint.